## Judith Pond & another *vs.* George Williams.

A payment, made by a debtor ⟨o⟩ ⟨a⟩ creditor to whom he owes several distinct debts, without any direction as to its application, and immediately applied by the creditor to a debt barred by the statute of limitations, will not take the remainder of that debt out of the operation of the statute.

In an action brought on three promissory notes, to one of which the statute of limitations was pleaded, the plaintiff proved a general payment, made to him by the defendant after that note was barred by the statute of limitations, and applied by the plaintiff to that note; and the judge instructed the jury that a general payment, made by a debtor to a creditor holding several valid claims against him, accompanied by no direction as to its application, might be applied by the creditor to either of the claims; but said nothing as to the right to make such application to a debt already barred by the statute, nor as to the effect of such application to take the remainder of the debt out of the statute. *Held,* on exceptions to the instructions of the judge, that the defendant, although he had not called the judge's attention to the last two points, was entitled to a new trial.

An agreement, not under seal, made by creditors, to give up to a trustee, to be delivered to their debtor, all his debts to them, in consideration of a delivery to the trustee of all the debtor's assets, and followed by a discharge of the trustee by the creditors, on receiving their dividends of the debtor's property, does not operate as a discharge of one jointly liable with the debtor for one of said debts.

ACTION OF CONTRACT. Trial in the court of common pleas, before *Mellen,* J. who signed the following bill of exceptions: ·

"This was an action of contract, commenced February 11th 1853, to recover the amount of three promissory notes, payable to the plaintiffs or order on demand; one dated April 5th 1851, for $1,359.91 and interest; one dated April 3d 1849, for $612 and interest; and the third dated May 12th 1845, for $800 and interest, on which was the following indorsement, in the handwriting of one of the plaintiffs: 'May 17th 1852. Received twelve dollars.' The first two of said notes were signed by the defendant, and were admitted by him to be due as set forth. The third note was a joint and several note, signed by C. L. & W. A. Williams and by the defendant, and was the only note to which any defence was made. The defences to this note were 1st, payment, and 2d, the statute of limitations. To take the case out of the statute of limitations, the plaintiffs relied on a payment of $12, made at the defendant's request and in his behalf, on the 17th day of May 1852, and indorsed as above stated on said note, at the time of said payment. It

appeared that, at the time of the alleged payment aforesaid, there were other debts due from the defendant to the plaintiffs. The plaintiffs offered evidence tending to show such payment by the defendant to the plaintiffs, without any direction or request that it should be applied on any particular or specified liability; and that the same was, in the absence of such direction, applied by the plaintiffs on the note now in suit. The plaintiffs' counsel requested the court to instruct the jury, that where a payment was made by a debtor to a creditor holding several valid claims against such debtor, accompanied by no direction or request that the payment should be applied to any designated claim, the creditor might make his application to any of such claims that he might elect. The court instructed the jury as requested by the plaintiffs' counsel; but said nothing as to the right to make such application to a debt already barred by the statute of limitations; nor was the attention of the court called by the defendant's counsel to the fact that the note in controversy was already so barred, nor did the defendant's counsel call the court's attention to any supposed exception to the general rule, as stated, by reason of the statute of limitations.

" The plaintiffs offered evidence showing that C. L. & W. A. Williams, above mentioned, after making the note in question and before the commencement of this action, being insolvent, entered into an agreement with their creditors in writing, not under seal, wherein the said creditors, among other things, agreed ' to give up to a trustee to be chosen by a majority in value of said creditors, to be delivered up to said debtors, all the claims we hold against them, either legal or equitable, in consideration of a delivery to said trustee of all assets, either legal or equitable, that the above named debtors would be required to give up to the above named creditors by the insolvent act of this state;' that the property of said debtors was duly assigned and conveyed by them, under and by virtue of said agreement, to John L. Gallond, as trustee, for the use and benefit of said creditors; that said property was duly divided among the creditors of said debtors, in proportion to their several and respective debts, whereupon said trustee was by said creditors fully discharged;

and that the plaintiffs, as creditors of C. L. & W. A. Williams, joined in and became parties to said agreement and the various proceedings under the same aforesaid, and then held the note in issue. The defendant contended that said agreement and proceedings operated as a discharge of the note in issue, as to said C. L. & W. A. Williams, and also as to the defendant, he being a joint maker with said C. L. & W. A. Williams of said note. The judge instructed the jury that a technical discharge of said C. L. & W. A. Williams from said note by the plaintiffs would also discharge the defendant; but that said agreement and proceedings were for another purpose, and did not affect the liability of the defendant upon said note.

" The jury returned a verdict for the plaintiffs for the full amount of the three notes above mentioned, and to the opinions and instructions aforesaid the defendant excepts."

*C. Allen,* for the defendant. The plaintiffs could not rightfully apply the general payment to a note barred by the statute of limitations; and such application will not revive the note. *Bancroft* v. *Dumas,* 21 Verm. 456. *Ayer* v. *Hawkins,* 19 Verm. 26 A payment of part of a debt, in order to take the remainder out of the statute of limitations, must appear to have been intended by the debtor to be made on account of that debt. Besides; the plaintiffs were bound to apply the payment to one of the notes on which the defendant was solely liable, as being most beneficial to him, and therefore affording a presumption that such was the defendant's intention in making the payment. *Baker* v. *Stackpoole,* 9 Cow. 420. *Patterson* v. *Hull,* 9 Cow. 747. *Stone* v. *Seymour,* 15 Wend. 19. *Goddard* v. *Cox,* 2 Stra. 1194.

The agreement of C. L. & W. A. Williams with the plaintiffs and their other creditors, and the proceedings under that agreement, prove a payment of the note, or an accord and satisfaction, and thus a discharge of the defendant. *Ward* v. *Johnson,* 13 Mass. 148. *Eaton* v. *Lincoln,* 13 Mass. 424. *Tuckerman* v. *Newhall,* 17 Mass. 581. *American Bank* v. *Doolittle,* 14 Pick. 123. *Watkinson* v. *Inglesby,* 5 Johns. 386. *Cheetham* v. *Ward,* 1 Bos. & Pul. 630. *Nicholson* v. *Revill,* 4 Ad. & El. 675. *Sohier* v *Loring,* 6 Cush. 545.

*H. Gray, Jr.* for the plaintiffs. When a debtor, making a payment to a creditor to whom he owes several distinct debts, makes no direction or request as to the appropriation of the payment, the creditor, at the time of the payment, may appropriate it as he chooses, even to a debt barred by the statute of limitation; and if no appropriation is made by the debtor or creditor, the law will apply it to the oldest debt, or to that to which it is most for the interest of the creditor to apply it. *Clayton's case,* 1 Meriv. 605, 606. *Bosanquet* v. *Wray,* 6 Taunt. 597. *Mills* v. *Fowkes,* 5 Bing. N. C. 455. *Ayer* v. *Hawkins,* 19 Verm. 26. *Brewer* v. *Knapp,* 1 Pick. 337. *Upham* v. *Lefavour,* 11 Met. 184. *United States* v. *Kirkpatrick,* 9 Wheat. 720. *Cremer* v. *Higginson,* 1 Mason, 338. *Field* v. *Holland,* 6 Cranch, 27, 28. The payment, being lawfully applied to the note barred by the statute, is of itself, *de facto,* a payment of part, and so takes the whole debt out of the statute. *Ilsley* v. *Jewett,* 2 Met. 173. 174. But if the payment, being lawfully so appropriated, did not necessarily take this note out of the statute, the question, whether it was sufficient to take it out, was to be decided by the jury, upon all the circumstances of the case. *Whitney* v. *Bigelow,* 4 Pick. 110. *Read* v. *Hurd,* 7 Wend. 408. *Mills* v. *Fowkes,* 5 Bing. N. C. 463. And the point, that the payment, if lawfully appropriated to this note, could not take it out of the statute, not having been raised at the trial, is not now open to the defendant. *Holbrook* v. *Jackson,* 7 Cush. 154, 155, & cases cited. *Wentworth* v. *Leonard,* 4 Cush. 417. *Colley* v. *Merrill,* 6 Greenl. 56.

The agreement, not under seal, of the creditors of C. L. & W. A. Williams, to release them on certain conditions, did not operate, like a technical release under seal, as a discharge of the liability of the defendant on the note in question. *Shaw* v. *Pratt,* 22 Pick. 308, & cases cited.

SHAW, C. J. This action was brought on three promissory notes, two of which, signed by George Williams alone, were not contested. The third was a note signed by George Williams, jointly and severally with C. L. & W. A. Williams, dated May 12th 1845, and payable to the plaintiffs. To take this

last note out of the operation of the statute of limitations, the plaintiffs relied on a payment indorsed thereon in May 1852. There was evidence tending to show, that this payment was made generally to the plaintiffs, holding the three notes, by the defendant or by some person in his behalf; and the plaintiffs contended, that when a payment is made to a creditor having several demands, and no application of the payment is made at the time by the debtor, the creditor may make the application, and such payment, being within six years, will operate as a bar to the statute of limitations; and the judge instructed the jury accordingly. It does not appear by the bill of exceptions, as allowed by the judge, that in the application of this rule any distinction was made, in such right of application by a creditor, between demands actually barred by the statute, at the time of such payment, and several demands, all of which are open and subsisting, at the time of the payment; and we are satisfied that the attention of the judge was not called to that distinction. The difficulty therefore with the bill of exceptions, as it stands, is, that it presents only the abstract question, whether the right of application of payment does or does not belong to the creditor, when the debtor paying does not direct the application, and whether such general rule was not correctly stated at the trial.

It is certainly to be regretted that the attention of the judge was not more particularly drawn to the precise circumstances, on which he was called to instruct the jury, seasonably, at the trial, so that the instruction might be adapted to the circumstances and facts proved.

But we are satisfied, that, without any alteration of the bill of exceptions, the point which the defendant desires to raise, is open to him. The correctness of the instruction given by a judge to the jury, in any case, depends not only upon the form of words in which it is given, but upon the facts and circumstances of the particular case. Therefore it is, that in reporting a direction given to a jury, enough of the facts and circumstances proved, or of which there was evidence submitted to the jury, is stated, in order that the court may see, not only that the rule of law laid down is abstractly sound and correct, but that

it is so in its application to the particular case.   We are satis-
fied, that the mind of the judge, in giving the instruction to the
jury, was fixed on the ordinary case of a payment to a creditor,
having several different demands, all of which are open, due
and payable; and its application to such a case is unexception-
able.   Still, the notes and indorsement were before the court
and read to the jury; a simple comparison of the date of the
note with the date of the indorsement would have shown, that
the note in question was barred by the statute, when the pay-
ment was made.

Upon the point now raised, taking the facts and dates as they
appear, the court are of opinion, that whether the plaintiffs had
or had not the right to appropriate the $12, paid in 1852, and
indorsed on the note of 1845, then barred by the statute, in dimi-
nution of that note, such payment would not take that note out
of the operation of the statute of limitations.   To have that
effect, it must be made by the defendant, specifically on account
of the debt thus barred; because it is, by implication, the pay-
ment of part of a larger subsisting debt, and therefore it is an
admission, a conclusive admission on the part of the debtor, of
the actual existence of the balance, as a subsisting debt, not-
withstanding the lapse of time, and the legal operation of the
statute; from this acknowledgment of the defendant, the law
implies a new promise, which prevents the operation of the
statute.   But to effect this, the payment must be specifically
made or directed by the defendant.   *Tippets* v. *Heane*, 1 C.
M. & R. 252, and 4 Tyrw. 772.   *Mills* v. *Fowkes*, 5 Bing. N. C.
455, and 7 Scott Rep. 444.   *Burn* v. *Boulton*, 2 C. B. 485.

The judge having in fact given an instruction to the jury,
correct as an abstract rule of law, but which, for want of a quali-
fication which would have made the present case an exception,
was incorrect in its application, we think the verdict for the
plaintiff, including the note in question, must be set aside.

There was another point made in defence, which may be
material, should there be another trial.   The plaintiffs gave in
evidence an agreement, entered into by the plaintiffs as creditors,
with C. L. & W. A. Williams, the two other promisors, by

which, in consideration of property assigned to a trustee for the use of creditors, the plaintiffs, as creditors on this note, agreed to give up all the claims they held against the said C. L. & W. A. Williams. It was contended by the defendant, that this was a bar to any suit against him, on the same note. The judge ruled otherwise, and we think correctly.

The cases cited by the defendant go to show that a release of one joint debtor is a discharge of all. But this applies to a technical release, and on the ground that it is a release and extinguishment of the debt. But an agreement, not under seal, to discharge a particular party, or an agreement not to sue, or the like, will not have that effect, because it does not extinguish the debt. *Shaw* v. *Pratt*, 22 Pick. 305.

Where the debt is joint only, and there is an agreement never to sue some one of the debtors, without exception or qualification, there may be a difficulty in maintaining a suit, where, by the technical rule of law, the action must be brought against the debtors jointly. But that difficulty does not exist in the present case, because the note is made by the promisors severally, as well as jointly.                    *Exceptions sustained.*